*Court of Appeals, Third Circuit, Parish of St. Landry.*

### PAGE & MORAN *v.* JOSEPH VALERY.

1. Where the notary protesting a draft, unable after diligent enquiry, to ascertain the address of the drawer, directed the notice of protest to him, at the place where the draft was drawn or dated; held, that this was sufficient.
2. The general denial imposes upon the holder of such a protested draft suing thereon the obligation of establishing due notice.
3. Where, however, in addition to the general issue, payment is plead, the defence will be restricted to that plea, and if that is not made out, judgment must go for plaintiff.
4. In the absence of written agreement, no more than legal interest can be recovered.

*Appeal from Thirteenth Judicial District Court, Parish of St. Landry. Hudspeth, Judge.*

*Jos. M. Moore* for plaintiff, appellant.

*L. Dupré* for defendant.

Kenneth Baillio, Esq., member of the bar, sat in this case as judge *ad hoc, vice* Moore, judge, recused, having been of counsel.

Suit upon a draft for $280, payable in 60 days, drawn by defendant on A. A. Mouton, and accepted and not paid at maturity. The answer was a general denial and plea of payment.

IRION. J. – After reciting pleadings and facts His (defendant's) counsel contends in argument that no judgment can be rendered against him, because the plaintiff failed to show that a notice of protest had been sent to defendant and addressed to him at his nearest post-office. No other defence is made by counsel in his brief.

He very properly contends that under a general denial proof of protest and a proper notice must be made, but the burden of this proof is thrown upon the plaintiff only when the defence is confined to a general denial alone. When, in addition to a general denial, the defendant pleads payment, his defence must be confined to the latter, because it is inconsistent with any other. The Supreme Court in Gailes v. Schooner Osceola, 14 La. An. 54, said, "the general denial was waived by the pleas of payment and novation. These pleas admitted the former existence of the draft, and the defendant thereby assumed the burden of proof to show that the debt had been extinguished in one of the modes pleaded in his answer."

In Landry, Curator, v. Delas, Lorio & Co., 25 La. An. 182, the Court said, "the plea of payment admits the existence of the debt, whose continuance will be presumed, unless the defendants make good their plea."

Applying these principles to the case now before us, it is clear that the defendant has waived any defence he might have made under the general denial, and must show that he has paid the draft sued on, or judgment must be rendered against him. We have failed to find any evidence in the record to satisfy us that the debt has ever been paid, nor does the counsel for defendant in his argument contend that it has.

It appears, however, that the notice of protest was properly addressed. The depositions of Theodore Guyol establish the fact that after diligent enquiry the post-office of Joseph Valery could not be ascertained, and the notice was addressed to the place at which the draft was dated. This was in compliance with section 2510 of the Revised Statutes. Objection was made to the consideration of these depositions, but we are

satisfied that under the provisions of Act 29 of the General Assembly of 1880, they are properly in the record and form a part thereof. In the absence of a written agreement, more than the legal interest cannot be recovered.

Judgment reversed, and now rendered for plaintiff, for $280 with legal interest from March 14th, 1874.